```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CARLOS GONZALEZ,

                Plaintiff,

vs.                                    Case No.  2:07-cv-415-FtM-29SPC

ASSET ACCEPTANCE, LLC, and CT
CORPORATION SYSTEMS,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on the following pending motions: (1) defendant Asset Acceptance, LLC's Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. #6), filed July 6, 2007; (2) defendant C.T. Corporation System's Motion to Dismiss (Doc. #14), filed August 3, 2007; (3) plaintiff's Motion to Strike Defendant's Action (Doc. #20), filed August 14, 2007; (4) defendant C.T. Corporation System's Motion to Strike Plaintiff's Notice of Class Action (Doc. #27), filed on October 1, 2007; (5) plaintiff's Motion to Strike: Defendant's Rule 68 Offer of Judgment (Doc. #28), filed November 6, 2007; and (6) defendant Asset Acceptance, LLC's Motion to Dismiss (Doc. #30), filed November 20, 2007.  Plaintiff filed responses In Reply (Docs. #11, #21).

**I.**

Defendant Asset Acceptance seeks to dismiss the operative Complaint (Doc. #3) for failure to state a claim, or alternatively

seeks a more definite statement because the Complaint is vague and unintelligible for purposes of adequately responding.  Defendant Asset Acceptance (Asset) also seeks to dismiss the Complaint for lack of subject-matter jurisdiction because an offer of judgment was made and rejected and plaintiff cannot establish that the case presents a potential recovery in excess of the amount offered. Defendant C.T. Corporation System (CT Corp.) moves to dismiss the Complaint for failure to state a claim because it is simply the registered agent, and because the allegations do not support the existence of personal jurisdiction over it in the State of Florida.

**A.**

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct 2197, 2200 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at

1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

Construed liberally due to plaintiff's *pro se* status, plaintiff seeks: (1) a declaration that defendant Asset is barred by the statute of limitations, Florida Statute 95.11(5)(c), from pursuing a final judgment against him; (2) damages and attorney's fees for defendant's violation of the Fair Debt Collection Practices Act (FDCPA) with regard to an open-ended account; (3) the establishment of a class action lawsuit; and (4) attorney's fees and costs for a violation of plaintiff's civil rights under 42 U.S.C. § 1983.[1]

Initially, the Court notes that the Complaint is a shotgun complaint of the type condemned by the Eleventh Circuit because plaintiff has failed to provide separate, numbered paragraphs providing a short and plain statement, and the complaint is

---

[1] The Court notes that plaintiff has failed to allege that Asset was acting under the color of state law so as to support a civil rights claim. Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must allege and prove that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

essentially a compilation of general factual allegations without specifically delineated counts. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca Cola Bottling Co. Consol., __ F.3d ___, 2008 WL 314962 (11th Cir. Feb. 6, 2008). Therefore, the Complaint will be dismissed with leave to amend the complaint on this basis.

**B.**

Under 15 U.S.C. § 1692k(a), a debt collector who violates subchapter 1692 is liable to a person "in an amount equal to the sum of -- (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow but not exceeding $1,000; or. . . ." Defendant Asset argues that plaintiff has rejected the maximum recoverable damages and therefore no case or controversy is before the Court. The attached Exhibits (Docs. #28-2, #28-3) to plaintiff's motion to strike defendant's offer of judgment reflects requests for damages exceeding $1 million. As currently pled, the Complaint does not specify the damages sustained or sought and the Court cannot determine if plaintiff's *actual* damages exceed the statutory damages. Since it is possible for the actual damages to be an amount greater than the statutory damages, the Court will not dismiss the Complaint on this basis. The motion to strike will be denied.

C.

The Court notes that the allegations in the Complaint are inadequately pled against CT Corp. because plaintiff does not specifically allege that CT Corp. was directly responsible for violations of the FDCPA, or that it maintained the credit card agreement with plaintiff.  Additionally, although CT Corp. is alleged to be a registered agent in City of Plantation, Florida (Doc. #3, ¶ 10), plaintiff has not stated how it can maintain personal jurisdiction over CT Corp., a Delaware corporation with its principal place of business in New York with no alleged ties to the State of Florida.  Just as the mere presence of a registered agent in the state is insufficient to grant general personal jurisdiction over a corporation, Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1293 (11th Cir. 2000), the Court finds that CT Corp.'s mere presence in the state as the registered agent is insufficient to support jurisdiction over it, see generally Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 853-854 (11th Cir. 1988)(discussion of "minimum contacts").  Defendant CT Corp.'s motion will be granted, albeit without prejudice to plaintiff amending the complaint to properly allege the existence of personal jurisdiction and direct involvement with the claims.

**D.**

Defendant Asset also notes plaintiff's failure to file a motion seeking class certification and the request for attorney's fees in the Complaint.  Defendant is correct that plaintiff has failed to comply with Federal Rule of Civil Procedure 23 and Middle District of Florida Local Rule 4.04(b), however, the Court finds that plaintiff must be provided an opportunity to amend the complaint to properly allege that he can represent a class, as a representative party plaintiff who will "fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  As the class allegations have not be reviewed and no class action has been certified by the Court, the Court cannot determine whether plaintiff is representative or whether an appointment of counsel will be appropriate in the future.  Therefore, the Court will dismiss the class allegations (Doc. #19) without prejudice to amend.

Additionally, although plaintiff may be granted statutory costs if he prevails, plaintiff cannot recover attorney fees since he is not an attorney and did not retain counsel.  Barrett v. Bureau of Customs, 651 F.2d 1087, 1088-89 (5th Cir. 1981), cert. denied, 455 U.S. 950 (1982) (collecting cases).[2]  Therefore,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

plaintiff should refrain from requesting attorney's fees in the Amended Complaint unless it is filed by and through counsel.

**II.**

As plaintiff is proceeding *pro se*, the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a *pro se* party. The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege his claims and in doing so plaintiff should adhere to the following instructions.

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of F<small>ED</small>. R. C<small>IV</small>. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. The document should be entitled "Amended Complaint." Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statutes.

Plaintiff must also provide support in the statement of facts for the claimed violations. Further, in the body of the Amended Complaint Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause

of action.  Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

Accordingly, it is now

**ORDERED**:

1.  Defendant Asset Acceptance, LLC's Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. #6) is **GRANTED** and the Complaint is **dismissed without prejudice** with leave to file an "Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order and in compliance with the Court's directions.

2.  Defendant C.T. Corporation System's Motion to Dismiss (Doc. #14) is **GRANTED** and the Complaint is **dismissed without prejudice** with leave to file an "Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order and in compliance with the Court's directions.

3. Plaintiff's Class Action Allegations (Doc. #19), construed as a motion for class certification, is **DENIED** without prejudice as the underlying complaint was dismissed.

4. Plaintiff's Motion to Strike Defendant's Action (Doc. #20) is **DENIED.**

5.  Defendant C.T. Corporation System's Motion to Strike Plaintiff's Notice of Class Action (Doc. #27) is **GRANTED** to the extent that the document is a duplicate.

6. Plaintiff's Motion to Strike: Defendant's Rule 68 Offer of Judgment (Doc. #28) is **DENIED.**

   7.  Defendant Asset Acceptance, LLC's Motion to Dismiss (Doc. #30) is **DENIED**.

   **DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of February, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies:
Plaintiff
Counsel of record