```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CARLOS GONZALEZ,

                Plaintiff,

vs.                              Case No. 2:07-cv-415-FtM-29SPC

ASSET ACCEPTANCE, LLC, and C.T.
CORPORATION SYSTEMS,

                Defendants.
_____

## OPINION AND ORDER

      This matter comes before the Court on defendant Asset Acceptance, LLC's ("Asset") Motion to Dismiss Amended Complaint and Memorandum of Law (Doc. #36) filed on March 12, 2008; defendant C.T. Corporation Systems' ("C.T. Corp.") Motion to Dismiss Amended Complaint (Doc. #37) filed on March 18, 2008; and plaintiff's Motion to Strike defendant C.T. Corp.'s Motion to Dismiss (Doc. #38) filed on March 25, 2008.  Defendant C.T. Corp. filed a Response to plaintiff's Motion to Strike (Doc. #39) on April 1, 2008 and a Supplemental Memorandum of Law in Support of Motion to Dismiss Amended Complaint (Doc. #41) on April 17, 2008.  Plaintiff filed a late Response to defendant C.T. Corp.'s Motion to Dismiss (Doc. #46) on April 29, 2008.

    On February 20, 2008, the Court determined that plaintiff's initial Complaint (Doc. #3) failed to comply with Federal and Local Rules and entered an Order (Doc. #34) directing the filing of an

Amended Complaint.  The Court finds that the Amended Complaint remains deficient.

Construed liberally due to plaintiff's *pro se* status, <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003), the Amended Complaint asserts a "debt collection practices action" brought pursuant to the Consumer Credit Protection Act, as amended by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1601, as well as various claims under the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), 15 U.S.C. § 7244(b)(3), the Securities Exchange Act of 1934 (the "Securities Exchange Act"), 15 U.S.C. § 78u(d)(6), the Clayton Antitrust Act (the "Clayton Act"), 15 U.S.C. § 12, and the Federal Trade Commission.  Plaintiff claims that defendants brought a state lawsuit against him outside the Florida Statutes of Limitations.  Plaintiff also briefly lists "willful misconduct in torts," "reporting [in]accurate credit reporting," "false representation," "contributory negligence," "duress" and "assumption of risk" in the Amended Complaint, but does not elaborate upon or frame any of these in terms of a specific claim.

To the extent plaintiff seeks to state a cause of action for violation of the Florida Statutes of Limitations, such a claim is dismissed.  The Florida statute of limitations is an affirmative defense and does not state a private cause of action.  If it was not asserted in the underlying state lawsuit it was waived and cannot be revived as an independent cause of action.

Plaintiff may be able to state a claim under the Fair Debt Collections Practices Act, but he has not done so with sufficient clarity in the Amended Complaint. The FDCPA, which prohibits debt collectors from using any false, deceptive, misleading or abusive methods or means in any debt collection effort, incorporates a variety of protections for debtors. 15 U.S.C. § 1601. Plaintiff, however, fails to specify which provisions defendants violated and to identify specific facts to support his conclusory assertions. As currently pled, the Amended Complaint fails to allege or provide specific facts or occurrences sufficient to support a claim under the FDCPA. Thus, defendant Asset's motion will be granted.

In the Amended Complaint, plaintiff also asserts claims under Sarbanes-Oxley, the Securities Exchange Act and the Clayton Act, but fails to properly support his claims under each of these statutes. Plaintiff quotes a portion of Sarbanes-Oxley, under which it is unlawful for a director or executive officer of an issuer of equity securities to buy or sell any securities, acquired in connection with their service or employment as a director or executive officer, during a pension fund blackout period. 15 U.S.C. § 7244(a)(1). As currently pled, the Amended Complaint fails to support a claim under Sarbanes-Oxley. Plaintiff also quotes a portion of the Securities Exchange Act, which addresses investigations and actions that may be taken by the U.S. Securities and Exchange Commission (the "Commission") pursuant to its administrative authority and discretion. 15 U.S.C. § 78u. The

statutory text of Section 21(a)(1) does not provide for a private cause of action to request the application of Section 21(d)(6) against any individual; rather, it allows only for a private individual to submit a request to the Commission for it to undertake an investigation. Id. at §§ 78u(a)(1), 78(u)(d)(6). As currently pled, the Amended Complaint fails to support a private right of action under the Securities Exchange Act. Additionally, plaintiff alleges that defendant Asset violated the Clayton Act, 15 U.S.C. §§ 12-27, but fails to specify which sections of the Clayton Act plaintiff invokes and on which bases. As currently pled, the Amended Complaint also fails to allege the threshold "antitrust standing" and "antitrust injury" necessary to sustain a private action under the Clayton Act. Florida Seed Co. v. Monsanto Co., 105 F.3d 1372, 1374 (11th Cir. 1997). Thus, defendant Asset's motion will be granted as to plaintiff's claims under Sarbanes-Oxley, the Securities Exchange Act and the Clayton Act.

The Amended Complaint is inadequately pled against C.T. Corp. because plaintiff fails to specifically allege that C.T. Corp. was directly responsible for any violations of law or to allege adequate factual bases upon which C.T. Corp. could be held vicariously liable. In a late Response to C.T. Corp.'s Motion to Dismiss (Doc. #46), plaintiff alleges the existence of agency and employment relationships between defendants C.T. Corp and Asset, as well as a claim under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961-1968), but fails to provide

facts to support any of these assertions. Additionally, it is doubtful plaintiff has alleged sufficient facts in the Amended Complaint to establish personal jurisdiction over C.T. Corp. See Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 853-854 (11th Cir. 1988) (discussion of "minimum contacts"). Thus, defendant C.T. Corp.'s motion will be granted and the Amended Complaint dismissed as to C.T. Corp.

In a previous Order (Doc. #34, pp. 6-7), the Court indicated that plaintiff had failed to comply with Federal Rule of Civil Procedure 23 and Middle District of Florida Local Rule 4.04(b) as to plaintiff's class allegations. As plaintiff has yet to comply with Middle District of Florida Local Rule 4.04(b) and no class action has been certified by the Court, the Court cannot further examine plaintiff's class action assertions. Therefore, the Court will dismiss the class allegations.

Finally, as the Court indicated in its previous Order (Doc. #34, pp. 6-7), although plaintiff may be granted statutory costs if he prevails, plaintiff cannot recover attorney's fees since he is not an attorney and did not retain counsel. Barrett v. Bureau of Customs, 651 F.2d 1087, 1088-89 (5th Cir. 1981)[1], cert. denied, 455 U.S. 950 (1982) (collecting cases). Therefore, plaintiff should

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

refrain from requesting attorney's fees in the Second Amended Complaint unless it is filed by and through counsel.

Since plaintiff is proceeding *pro se*, the Court will take this opportunity to further explain some of the responsibilities and obligations that he bears as a *pro se* party.  In filing a Second Amended Complaint, plaintiff must conform to the pleading requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs.  The document should be titled "Second Amended Complaint."  In the body of the Second Amended Complaint Plaintiff should clearly describe how each named defendant is involved in the alleged claim.  Plaintiff must provide <u>support in the statement of facts</u> for each of the claimed violations.  More than conclusory and vague allegations are required to state a cause of action.  Again, plaintiff must provide support for each of the alleged claims by stating facts sufficient to provide grounds for his claimed entitlement to relief.[2]

---

[2] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>Id.</u> at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. <u>Id.</u>

Accordingly, it is now

**ORDERED**:

1.  Defendant Asset Acceptance, LLC's Motion to Dismiss Amended Complaint and Memorandum of Law (Doc. #36) is **GRANTED** and the Amended Complaint is **dismissed without prejudice** with leave to file a "Second Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order and in compliance with the Court's directions.

2.  Defendant C.T. Corporation System's Motion to Dismiss Amended Complaint (Doc. #37) is **GRANTED** and the Complaint is **dismissed without prejudice** with leave to file a "Second Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order and in compliance with the Court's directions.

3.  Plaintiff's Motion to Strike Defendant C.T. Corporation System's Motion to Dismiss (Doc. #38) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of April, 2008.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff
Counsel of record