```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CARLOS GONZALEZ,

                Plaintiff,

vs.                                   Case No. 2:07-cv-415-FtM-29SPC

ASSET ACCEPTANCE, LLC, and C.T.
CORPORATION SYSTEMS,

                Defendants.
_____

## OPINION AND ORDER

     This matter comes before the Court on defendant Asset Acceptance, LLC's ("Asset") Motion to Dismiss Second Amended Complaint and Memorandum of Law (Doc. #53) filed May 21, 2008, and defendant C.T. Corporation Systems' ("C.T. Corp.") Motion to Dismiss Second Amended Complaint (Doc. #54) filed May 29, 2008. Plaintiff has not filed a response, and the time to do so has expired.

     On February 20, 2008, the Court determined that plaintiff's Complaint (Doc. #1) was insufficient and entered an Opinion and Order (Doc. #34) dismissing the Complaint but allowing the filing of an amended complaint. On April 30, 2008, the Court determined that plaintiff's Amended Complaint (Doc. #35) was still insufficient but entered an Opinion and Order (Doc. #48) allowing a second amended complaint. The Court finds that the Second Amended Complaint fails to correct the deficiencies identified by

the Court previously and thus remains inadequate. Therefore, the motions will be granted.

Construed liberally due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Second Amended Complaint again asserts that the case is a "debt collection practices action." Plaintiff asserts that it is brought pursuant to the Consumer Credit Protection Act, as amended by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1601, as well as the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), 15 U.S.C. § 7244(b)(3), the Securities Exchange Act of 1934 (the "Securities Exchange Act"), 15 U.S.C. § 78u(d)(6), the Clayton Antitrust Act (the "Clayton Act"), 15 U.S.C. § 12, and the Federal Trade Commission. The Second Amended Complaint adds allegations pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and the Due Process Clause of the U.S. Constitution.

The Second Amended Complaint asserts in a conclusory fashion that defendants engaged in wrongful acts involving "taking unlawful action" by bringing a time-barred suit against plaintiff more than five years after plaintiff's last credit card transaction, in violation of the Florida Statutes of Limitations (Doc. #51, ¶ 4(a)); "extortion of credit" by purchasing plaintiff's credit card debt (which plaintiff erroneously purports to be an "instrument sold on the securities market") from the original creditors for "only cents on the dollar" (id. at ¶ 4(b)); "unfair competition" by

limiting purchases allowed on plaintiff's credit card to "household products" (id. at ¶ 4(c)); "violation of agency laws"; "willful misconduct in torts"; and "false representation." (Id. at ¶ 4(d)-(f).)  Read liberally, the only factual allegations relevant to plaintiff are that defendants filed a state court lawsuit against plaintiff which was barred by the Florida Statutes of Limitations; that defendants bought his credit card account debt on the secondary market and therefore purchased a "security" and committed extortion; that defendants were assigned a contract of adhesion by the former creditor, who restricted plaintiff's ability to purchase commodities, and therefore are in violation of the antitrust laws; and that plaintiff was never notified of the assignment of his credit card contract.

As the Court stated in a prior Order (Doc. #48), to the extent plaintiff seeks to state a cause of action for violation of the Florida Statutes of Limitations, such a claim is dismissed.  The Florida Statutes of Limitations provide an affirmative defense and do not constitute a private cause of action.  If the affirmative defense was not asserted in the underlying state lawsuit it was waived and cannot be revived as an independent cause of action.[1]

---

[1] Additionally, plaintiff states in the Second Amended Complaint that defendant Asset "started the action in [state court] . . . on November 22, 2006 . . . [and that plaintiff was served] on December 4, 2006 . . . .  The last [credit card] transaction was listed as December 17, 2001."  (Doc. #51, ¶ 5.)  If true, it appears that defendants brought the underlying debt collection action in state court slightly less than five years from the date
(continued...)

The Court is unable to determine the purported basis of plaintiff's injury under the Fair Debt Collections Practices Act because the Second Amended Complaint does not state any facts or claims with sufficient clarity to sustain a cause of action. The FDCPA prohibits debt collectors from using any false, deceptive, misleading or abusive methods or means in any debt collection effort, and incorporates a variety of protections for debtors. 15 U.S.C. § 1601. The Second Amended Complaint fails to allege or provide reasonably specific facts or occurrences sufficient to support a claim under the FDCPA.

Plaintiff also asserts claims under Sarbanes-Oxley, the Securities Exchange Act, the Clayton Act, RICO, and due process in the Second Amended Complaint. As in the prior Complaint and Amended Complaint, however, plaintiff pleads inadequate factual support to sustain his claims under each of these statutes or provisions. (See Doc. #48.) Thus, defendants' motions will be granted as to plaintiff's claims under Sarbanes-Oxley, the Securities Exchange Act, the Clayton Act, RICO, and due process.

The Second Amended Complaint is also inadequately pled against C.T. Corp. because plaintiff fails to allege facts showing that C.T. Corp. was responsible for any violations of law or to allege adequate factual bases upon which C.T. Corp. could be held

---

[1](...continued)
of the last credit card transaction, and the suit would not have been time-barred under Florida's Statutes of Limitations.

vicariously liable.  While plaintiff alleges in a conclusory fashion the existence of agency, employment and conspiratorial relationships between defendants C.T. Corp and Asset, plaintiff fails to provide facts to support any of these assertions.  C.T. Corp.'s status as a registered agent is insufficient to support the bases of liability asserted by plaintiff.  Additionally, plaintiff has failed to allege sufficient facts in the Second Amended Complaint to establish personal jurisdiction over C.T. Corp.  See Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 853-854 (11th Cir. 1988) (discussion of "minimum contacts").  Thus, defendant C.T. Corp.'s motion will be granted and the Second Amended Complaint dismissed as to C.T. Corp.

Accordingly, it is now

**ORDERED**:

1. Defendant Asset Acceptance, LLC's Motion to Dismiss Amended Complaint and Memorandum of Law (Doc. #53) is **GRANTED** and the Second Amended Complaint is **dismissed with prejudice**.  The Clerk shall enter judgment accordingly in favor of defendant and against plaintiff.

2. Defendant C.T. Corporation System's Motion to Dismiss Amended Complaint (Doc. #54) is **GRANTED** and the Second Amended Complaint is **dismissed with prejudice**.  The Clerk shall enter judgment accordingly in favor of defendant and against plaintiff.

   3.   The Clerk is further directed to terminate all pending deadlines and motions as moot and close the case.

   **DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of July 2008.

                                   _____
                                   JOHN E. STEELE
                                   United States District Judge


Copies:
Plaintiff
Counsel of record